*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals

**No. 17-CO-500**

THOMAS J. ARRINGTON,
            Appellant,

    v.                                                **FEL-8868-96**

UNITED STATES,
            Appellee.

BEFORE:    Glickman and Beckwith, Associate Judges, and Nebeker,* Senior
           Judge.

## O R D E R
(FILED—September 24, 2020)

On consideration of Appellant Thomas Arrington's pro se brief and appendix; appellee's motion for summary affirmance, subsequently filed as appellee's brief; and the record on appeal, and it appearing that the trial court denied Mr. Arrington's motion for relief under D.C. Code § 23-110 (2012 Repl.) without considering and deciding the lead issue raised in that motion, it is

ORDERED that, for the reasons set forth below, the Superior Court's order denying appellant's D.C. Code § 23-110 motion is vacated and the case is remanded for further proceedings consistent with this order.

In 1998, Appellant Thomas Arrington was prosecuted for murder and various other offenses stemming from a robbery at a craps game and the exchange of gunfire that followed. The jury that convicted Mr. Arrington was given the following instruction based on the government's theory that Mr. Arrington, then 18, aided and abetted his 17-year-old friend Tizur Muse in committing the charged offenses.

> It is not necessary that the defendant have had the same intent that the other offender had when the crime was committed or that he even intended to commit the

> particular crime committed by the other offender. An aider and abettor is legally responsible for acts of other persons that are the natural and probabl[e] consequences of the crime in which he intentionally participates.
>
> An aider and abettor is legally responsible for the other[']s use of a weapon during an offense if the aider and abettor had actual knowledge that some type of weapon would be used or if it was reasonably foreseeable to the aider and abettor that some type of weapon was required to commit the offense.

When the lawyers were talking through jury instructions with the judge, the prosecutor described the aiding and abetting instruction as "the most important one." He relied on it in closing, arguing that despite the lack of evidence about who shot the fatal bullet, the jurors could convict Mr. Arrington if they believed that he "participated in that particular event in any shape, form or fashion"—for example, "if he picked up the money and Mr. [Muse] had pointed the handgun, you can find Mr. Arrington guilty." With respect to the murder charges, the prosecutor equated "the concept of aiding and abetting" with "the concept of what we call felony murder," arguing that Mr. Arrington was guilty of murder regardless of "who the shooter was," and even if it was someone other than Thomas Arrington or Tizur Muse (who was tried separately). The prosecutor further argued that the jury should convict Mr. Arrington of second-degree murder because whoever caused the decedent's death—the principal offender—acted in conscious disregard of the decedent's life by firing back into the parking lot toward the shots being fired at him.

We affirmed Thomas Arrington's convictions in 2001. *Arrington v. United States*, Nos. 98-CF-1016 & 00-CO-602, Mem. Op. & J. (D.C. September 7, 2001). The unpublished opinion rejected Mr. Arrington's challenge to the admission of Tizur Muse's statement confessing to shooting back into the parking lot when shots were fired at him after the robbery at the craps game.

In the years that followed, this court held in two separate cases that the aiding and abetting instruction given to Mr. Arrington's jury was unconstitutional. In *Wilson-Bey v. United States*, 903 A.2d 818 (D.C. 2006) (en banc), we held that giving the jury the "natural and probable consequences" part of the aiding and abetting instruction, and thus allowing conviction without proof of the mens rea required for the principal offense, was constitutional error that required reversal

unless it was harmless beyond a reasonable doubt. *Id.* at 843–44. We subsequently made clear this principle was not limited to first-degree premeditated murder—the offense at issue in *Wilson-Bey*. *See Coleman v. United States*, 948 A.2d 534, 553 (D.C. 2008) (holding that "a conviction for second-degree murder cannot stand on the basis that the defendant was merely negligent"); *Kitt v. United States*, 904 A.2d 348, 356 (D.C. 2006) (stating that "where a specific mens rea is an element of a criminal offense, a defendant must have had that mens rea himself to be guilty of that offense"). And in 2014, we applied the *Wilson-Bey* principle to a defendant who was subject as an aider and abettor to the enhanced penalty provisions for committing an offense "while armed" under D.C. Code § 22-4502. Specifically, we held in *Robinson v. United States*, 100 A.3d 95 (D.C. 2014), that the enhanced penalty could not apply unless the government proved that the alleged aider and abettor had actual knowledge of the weapon, not just a "reason to know" the principal offender was armed. *Id.* at 106. This line of cases made clear that the instructional errors that preceded the defendants' convictions were errors "of constitutional magnitude." *Robinson*, 100 A.3d at 108; *Wilson-Bey*, 903 A.2d at 843.

In the wake of these decisions, and after filing several post-conviction motions, Mr. Arrington filed a pro se motion under D.C. Code § 23-110 asking that his case be "reopened, thoroughly examined, and adjudicated in [his] favor" based on the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65, 77–78, 81 (2014). *Rosemond* involved a challenge to the mens rea required for aiding and abetting liability under 18 U.S.C. § 924(c), the federal statute prohibiting use of a firearm during a federal drug trafficking offense. The Supreme Court held in *Rosemond* that the government must prove that the aider and abettor knew in advance that one of his accomplices would be armed. *Id.* at 81; *see also id.* at 75–76 (stating that "an aiding and abetting conviction requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime" and that "the intent must go to the specific and entire crime charged").[1] Based on *Rosemond*, Mr. Arrington argued that the aiding and abetting instruction given at his trial failed to require the jury to determine he had actual knowledge of his accomplice's use of a weapon. Mr. Arrington also raised an issue based on another

---

[1] Although Mr. Arrington's motion focused on the Supreme Court case, *Rosemond* is like our own decision in *Robinson*, and our analysis in *Robinson* cited and partly relied on *Rosemond*. *See Robinson*, 100 A.3d at 106 n.18 (noting that "[w]e have looked to the federal courts' interpretation of the federal aiding and abetting statute, 18 U.S.C. § 2, for guidance in construing our own aiding and abetting statute").

recent Supreme Court decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck a provision of the federal Armed Career Criminal Act as unconstitutionally vague.

The trial court denied Mr. Arrington's motion without a hearing and without requesting a response from the government. The trial court made no findings as to whether Mr. Arrington's § 23-110 motion was procedurally barred.[2] On the merits, the court rejected Mr. Arrington's request to vacate his convictions for possession of a firearm during a commission of a crime of violence on the ground that the federal act that was at issue in *Johnson* "was not applied to the sentence in this case as Defendant was charged and convicted of PFCOV pursuant to a District of Columbia statute which remains good law within this jurisdiction despite now having a different numerical codification." The court did not rule on Mr. Arrington's challenge to the aiding and abetting instruction.

With respect to Mr. Arrington's contention that the Supreme Court's decision in *Johnson* requires reversal of his firearm possession convictions, we agree with the trial court that this claim has no merit because the D.C. statute under which Mr. Arrington was convicted contained no language comparable to the language from the federal statute that *Johnson* struck on vagueness grounds. *See* D.C. Code § 22-4504(b) (2020 Supp.) (referring to specific violent crimes supporting enhanced punishment).

As to Mr. Arrington's challenge to the aiding and abetting instruction at his trial, because the trial court did not rule on this issue, we remand to allow the court to

---

[2] The dissent contends that Mr. Arrington's claim is procedurally barred because Mr. Arrington failed to raise his instructional error claim in an earlier § 23-110 motion. But "the procedural default rule is neither a statutory nor a constitutional requirement," *see McCrimmon v. United States*, 853 A.2d 154, 160 (D.C. 2004) (quoting *Massaro v. United States*, 538 U.S. 500, 503 (2003)), and the rules governing § 23-110 motions give discretion to trial judges, like the trial judge in this case, to decline to invoke a procedural bar. *See* Rules Governing Proceedings under D.C. Code § 23-110 Super. Ct. Proceedings Under D.C. Code § 23-110 R. 9(b) ("A second or successive motion *may* be dismissed if the judge finds that it fails to allege new or different grounds for relief . . . or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules." (emphasis added)).

consider in the first instance whether this court's decisions in *Wilson-Bey* and its progeny and the Supreme Court's decision in *Rosemond* warrant relief under § 23-110.[3] It is

FURTHER ORDERED, given the import and complexity of Mr. Arrington's claim of instructional error, that the trial court determine whether to appoint counsel to represent Mr. Arrington and to supplement his claims as counsel deems appropriate.

ENTERED BY DIRECTION OF THE COURT:

JULIO A. CASTILLO
Clerk of the Court

\*NEBEKER, *Senior Judge,* dissenting,

The majority's decision sacrifices on the altar of law the policy of finality of judgments, the rule against abuse of the writ, and the harmless error command. The reason for the remand is one conjured up by them at the end of a string of seven collateral attacks going back to June 8, 1998, when he was sentenced to 35 years to life for a crap game murder.

In our unreported decision affirming his direct appeal and denial of his first 23-110 motion we observed that the government's evidence against him was "overwhelming" in that he confessed on a video to being a principal in the shooting and in equally detailed confessions to his girlfriend and his mother.

---

[3] Our dissenting colleague argues that the record establishes Mr. Arrington's culpability as a principal, renders any error harmless, and obviates a remand for a ruling on the merits of Mr. Arrington's claim. But Mr. Arrington's challenge is to the aiding and abetting instruction, not the sufficiency of the evidence to support his convictions. "Mere sufficiency of the evidence . . . does not dictate a finding of harmless error." *Wilson-Bey*, 903 A.2d at 844 (quoting *Bell v. United States*, 801 A.2d 117, 129 (D.C. 2002)). *See generally Robinson*, 100 A.3d at 108.

Since the adoption of D.C. Code § 23-110 in the District of Columbia Court Reform and Criminal Act of 1970 this court has treated denial of a hearing on such motions as discretionary subject on review to an abuse standard. There can be no abuse here since the majority has, themselves, created the issue to be decided on remand. The only basis offered for the remand is found in D.C. Code § 17-306 which requires a remand be "just under the circumstances." For the reasons referred to above there is no justice in this remand; and the trial court judge will be well within his or her power to use Superior Court Rule 9(a) and (b) Governing Proceedings Under 23-110: Delayed or successive.

In addition I note that in one earlier unreported decision affirming a denial of one of his repeated § 23-110 motions we held that his challenge to the effectiveness of his trial counsel was in any event harmless. If that assumed error can be harmless surely this irrelevant aiding and abetting "error" is also harmless. Each "error" must be evaluated against the same evidence that he three times held himself out as a confessed principal in committing the offenses. Therefore arguably, harmlessness is also law of the case, but in dissent I need not go that far. The mandate will issue in due course.